## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| MONEY CENTERS OF AMERICA, INC., *et al.*[1] | ) Case No. 14-10603-CSS |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| CASINO CARIBBEAN, LLC, MACAU CASINO, LLC, MACAU SOUTHCENTER, LLC, and YAKIMA CARDROOM, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. 14-50437-CSS |
| | ) |
| v. | ) |
| | ) |
| MONEY CENTERS OF AMERICA, INC. and CHECK HOLDINGS, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION OF THE QUAPAW CASINO AUTHORITY TO INTERVENE AS AN ADDITIONAL ADVERSARY PLAINTIFF

The Quapaw Casino Authority of the Quapaw Tribe of Oklahoma (O-Gah-Pah) ("QCA") d/b/a the Quapaw Casino ("Casino"), a creditor in the above captioned administratively consolidated bankruptcy proceeding, hereby moves, pursuant to Fed. R. Bankr. P. 24 and Fed. R. Civ. P. 24, for leave to join this adversary proceeding as an additional plaintiff. In support, QCA submits separately its Brief in Support and further states as follows:

1.     QCA is a governmental subdivision of the Quapaw Tribe of Oklahoma. It owns and operates the Casino, a tribal gaming operation in Miami, Oklahoma.

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Money Centers of America, Inc. (9364) and Check Holdings, LLC (3671).  The location of the Debtors' corporate headquarters and their service address is 601 S. Henderson Rd., Suite 153, King of Prussia, Pennsylvania 19406.

2.      On or about January 6, 2014, QCA entered into a "Financial Services Agreement" (the "Agreement") with debtor /adversary defendant Check Holdings, LLC ("Check Holdings").

3.      Under the Agreement, Check Holdings was to provide Automated Teller Machine ("ATM") and other cash advance transaction services to the Casino.  Patrons of the Casino would use their credit or debit cards at ATMs at the Casino or would present checks to the Casino's cash vault and would receive cash.  The Casino would advance the cash by stocking the ATMs with cash from its vaults or by directly providing cash to patrons for check advances, and Check Holdings would process the transactions.  Check Holdings would reimburse the advanced funds to the Casino, less its retained fee for its services, within a matter of days.

4.      Between April 24, 2014, and May 14, 2014, the Casino advanced funds but Check Holdings failed to reimburse the funds despite several promises to do so.  The Casino terminated the Agreement effective May 15, 2014.

5.      Check Holdings filed its petition in bankruptcy shortly thereafter.  QCA is listed in its schedules as a creditor and also filed a proof of claim evidencing that the amount of cash advanced under the Agreement but not reimbursed was $502,018.00.

6.      Pursuant to Fed. R. Civ. P. 24(c), QCA's proposed intervenor complaint is attached to this motion as Exhibit A and outlines the above stated facts in more detail.

7.      Through its proposed intervenor complaint, QCA asserts that Check Holdings was merely a pass-through for funds advanced prior to reimbursement to the Casino and that, as such, the funds are not property of Check Holdings' bankruptcy estate.  Check Holdings never obtained any legal or equitable interest in the funds.  A debtor-creditor relationship did not exist with respect to such funds because Check Holdings did not perform any services to earn the

money it held for the Casino except for its fee.  The fee constituted only a small percentage of the amount of money advanced by the Casino.

8.    The facts described in QCA's proposed intervenor complaint, and the legal theories asserted therein, are identical in nearly every respect with the adversary complaint that was filed in this proceeding by the existing plaintiffs.

9.    Under 11 U.S.C. § 1109(b), and the law of the Third Circuit, QCA has an unconditional right to intervene in this adversary case pursuant to Fed. R. Civ. P. 24(a)(1).  *See Matter of Marin Motor Oil, Inc.*, 689 F.2d 445, 450-51 (3d Cir. 1982); *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1232-34 (3d Cir. 1994).

10.   Alternatively, QCA may intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), because it claims an interest relating to the property or transaction that is the subject of this action, and is so situated that disposing of this action will impair and impede its ability to protect its interest.  *See Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

11.   Alternatively, QCA should be allowed permissively to intervene in this adversary proceeding pursuant to Fed. R. Civ. P. 24(b)(1)(B) because its claims share common questions of law and fact.  In fact, the common questions of law and fact are nearly identical.  *See*, *e.g.*, 6 *Moore's Federal Practice*, § 24.11 (3d ed. 2014).

12.   This motion is "timely" as required by Fed. R. Civ. P. 24(a) and (b), and the existing parties will suffer no prejudice if QCA is granted its motion to intervene for purposes of the timeliness requirement and also Fed. R. Civ. P. 24(b)(3).  *See*, *e.g.*, *Mountain Top Condominium*, 72 F.3d at 369.

For the foregoing reasons, QCA moves for an order allowing it to intervene in this adversary proceeding as a matter of right pursuant to Fed. R. Civ. P. 24(a), or, alternatively, with permission pursuant to Fed. R. Civ. P. 24(b).

### STATEMENT PURSUANT TO DEL. BANKR. L.R. 7012-1

QCA, the filing party, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Dated: January 21, 2015

Respectfully submitted,

ASHBY & GEDDES, P.A.

*/s/ Benjamin W. Keenan*

Ricardo Palacio (No. 3756)
Benjamin W. Keenan (No. 4724)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
RPalacio@ashby-geddes.com
BKeenan@ashby-geddes.com

-and-

Daniel E. Gomez, Okla. Bar No. 22153
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma  74172-0148
Telephone: (918) 586-8984
Facsimile:  (918) 586-8311

*Attorney for the Quapaw Casino Authority of the*
*Quapaw Tribe of Oklahoma (O-Gah-Pah)*