# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MONEY CENTERS OF AMERICA, INC., ) | Case No. 14-10603-CSS |
| ) | (Consolidated) |
| Debtor. ) | |
| _____ ) | |
| ) | |
| CASINO CARIBBEAN, LLC, ) | |
| MACAU CASINO, LLC, ) | |
| MACAU SOUTHCENTER, LLC, and ) | |
| YAKIMA CARDROOM, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. Pro. No. 14-50437-CSS |
| ) | |
| MONEY CENTERS OF AMERICA, INC. ) | |
| and CHECK HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PLAINTIFFS' ANSWER TO THE TRUSTEE'S COUNTERCLAIM

Plaintiffs Casino Caribbean, LLC, Macau Casino, LLC, Macau Southcenter, LLC and Yakima Cardroom, LLC (collectively, "Plaintiffs") respond to Defendants' Counterclaim as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied, except that it is admitted that Plaintiffs are limited liability companies duly organized and existing under the laws of the State of Washington.

9. The first three sentences of numbered paragraph 9 of the Counterclaim are admitted. The fourth sentence of numbered paragraph 9 is denied, except that it is admitted that Check Holdings would obtain funds from the patron's financial institution (which included its fee), and thereby incurred an independent obligation to deliver those funds provided by the financial institutions (less its service fee) to Plaintiffs for the amount they had advanced to their patrons.

10. Denied, except that it is admitted that the casino patron was indebted to his or her financial institution for the cash he or she received, plus a fee. By way of further answer, Defendants were obligated to collect funds from the financial institutions and deliver those funds (less its fees) to Plaintiffs. As the money Defendants were to deliver to Plaintiffs was never Defendants' property, there was no debtor-creditor relationship, but rather an agency relationship.

11. Denied.

12. Denied.

13. Plaintiffs incorporate herein by reference their responses set forth in numbered paragraphs 1-12 above as if fully stated herein.

14. Denied.

15. Denied.

16. Numbered paragraph 16 of the Counterclaim states a conclusion of law as to which no response is required. To the extent a response is required, denied.

17. Denied.

18. Denied.

### FIRST AFFIRMATIVE DEFENSE

Debtors never had an interest in the funds claimed by the Trustee in his Counterclaim, and were never property of the Debtors or the bankruptcy estate. As such, the money at issue is not subject to a claim of preferential transfer.

### SECOND AFFIRMATIVE DEFENSE

The money at issue is subject to a constructive trust in favor of Plaintiffs. As such, the money was never property of the Debtors or the bankruptcy estate, and so is not subject to a claim of preferential transfer.

### RESERVATION OF RIGHTS

Defendants reserve all rights to amend their Answer to the Counterclaim as more information becomes available.

        /s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
Attorney for Plaintiffs

Dated:  June 11, 2015

## **CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 11th day of June, 2015, I caused a copy of the foregoing document to be served via first class mail, postage prepaid, on the below-listed counsel of record:

Norman L. Pernick, Esq.
Patrick J. Reilley, Esq.
Therese Scheuer, Esq.
Cole Schotz, P.C.
500 Delaware Ave., Ste. 1410
Wilmington, DE 19810

/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 573-2525
Facsimile: (302) 573-2524
dfinger@delawgroup.com